## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOHNNY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-00158-WTL-MJD |
| | ) | |
| JOHN ROACH in his official capacity, | ) | |
| PAUL JUNGERS in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

### Entry Granting *In Forma Pauperis* Status, Denying Motion for Counsel, Dismissing Complaint, and Directing Plaintiff to Show Cause

### I. *In Forma Pauperis* and Motion for Counsel

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted.** The assessment of an initial partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff still owes the $350.00 filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre-*payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

The plaintiff's motion for the appointment of counsel [dkt. 3] is **denied** in light of the dismissal of the complaint for failure to state a claim upon which relief can be granted.

### II. Screening

#### A. Background

The complaint is now subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Plaintiff Johnny Ward ("Mr. Ward") is currently incarcerated at the Vigo County Jail. He brings claims against Judge John Roach and Public Defender Paul Jungers. Mr. Ward is a pretrial detainee. On or about November 13, 2015, he was charged with offenses of battery. He alleges that he attempted to file a *pro se* motion for a speedy trial, but it was rejected. The public defender has failed to file such a motion as a matter of convenience for the court and public defender. Mr. Ward's motions for dismissal for failure to bring the case to trial in a timely manner have not been granted. Mr. Ward further alleges that after he signed a plea agreement, Judge Roach rejected it because Mr. Ward had filed a grievance against the judge. He contends that his Sixth Amendment rights and rights under the Indiana Constitution have been violated.  His claims are of necessity brought under 42 U.S.C. § 1983. He seeks injunctive relief and dismissal of the state criminal charges.

### B. Insufficient Claims

The first deficiency in the complaint is the fact that a "judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage,* 636 F.3d 834, 838 (7th Cir. 2011); *see also Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). There could be no reasonable allegation that the judge lacked the authority to preside over Mr. Ward's criminal case. Mr. Ward disagrees with the rulings by the judge, however, Judge Roach is immune from this lawsuit. Any claim asserted against Judge Roach is **dismissed for failure to state a claim upon which relief can be granted.**

Second, Mr. Jungers, as a public defender, is not a state actor. Therefore, any constitutional claim against Paul Jungers is **dismissed for failure to state a claim upon which relief can be granted.** *See e.g. Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case).

Moreover, to the extent any state court proceedings remain pending, "federal courts [must] abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assocs. Inc. v. Dart,* 619 F.3d 674, 677 (7th Cir. 2010). The Supreme Court has held that federal courts must "abstain when a criminal defendant seeks a federal injunction to block his state court prosecution on federal constitutional grounds." *Id.* at 678 (citing *Younger v. Harris,* 401 U.S. 37, 53-54 (1971)). This Court must abstain from interfering in the Vigo County criminal action if it is ongoing.

Finally, to the extent Mr. Ward seeks dismissal of his state charges which would ultimately lead to his release, he must attempt to do so through a petition for writ of habeas corpus after he has exhausted all state court remedies. A writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement and the Court is not at liberty to convert any portion of an action to a claim for habeas corpus relief. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir. 1996). Any challenge to the Vigo County proceedings must be appealed through the appropriate appellate procedures, not by filing a civil rights action in federal court. Accordingly, to the extent Mr. Ward seeks release from jail, such a claim in this civil rights action is **dismissed without prejudice.**

For all of the reasons explained above, the complaint fails to contain a legally viable claim over which this Court could exercise subject matter jurisdiction.

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. § 1915A**.

### III.  Further Proceedings

The plaintiff shall have **through June 15, 2016,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry without further notice. In addition, it is the plaintiff's obligation to report any change of address within seven (7) days of the change.

**IT IS SO ORDERED.**

Date:  5/12/16

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOHNNY  WARD
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47807